UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LAPATRICK DANIELS | CIVIL ACTION NO.6:15-cv-02567 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| PRODUCTION MANAGEMENT INDUSTRIES, LLC. | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

The parties reached a settlement in this case which has been conditionally certified a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. As a result, counsel filed a Joint Motion to Approve Settlement Agreement [Rec. Doc. 54], which was subsequently denied without prejudice to the parties' right to reassert the motion after addressing the Court's concerns. [Rec. Doc. 58]. Counsel then filed a Joint Motion to Reassert the Motion to Approve Settlement Agreement. [Rec. Doc. 60]. Counsel has also provided a copy of the Proposed Settlement Agreement. [Rec. Doc. 61]. Under the Proposed Settlement Agreement, seventy-three collective action members will receive backpay and an equal amount of liquidated damages under the FLSA, no collective action member's payment will be reduced by attorney's fees and expenses, the action will be dismissed with prejudice, and each party will bear its own attorney's fees and costs except as provided in the proposed settlement agreement.

For the following reasons, it is recommended that the Proposed Settlement be approved, and the Joint Motion to Reassert the Motion to Approve Settlement Agreement be granted. [Rec. Doc. 60].

## LAW AND ANALYSIS

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized.[1] Before the Court may approve a settlement under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable.[2]

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs can prove how many hours they actually worked, whether the plaintiffs were already paid overtime hours, whether the plaintiffs were exempt under one or more exceptions to the FLSA's overtime requirements, whether the defendant's alleged violations were made in good faith and on reasonable grounds and whether the defendant's alleged FLSA violations were willful. Because these issues are sufficient for this Court to find that genuine uncertainty as to the outcome existed for each side, a bona fide dispute

---

[1] See *Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945).

[2] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008).

exists in this case.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members[3]. As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel.[4]

The parties have agreed to individual settlement amounts for each of the seventy-three plaintiffs based on the extent of overtime hours actually worked and the amount of allegedly unpaid overtime calculated to be due, as well as an equal amount in liquidated damages.[5] For the reasons set forth below, these factors mandate a finding that the proposed settlement is fair, adequate and reasonable, and accordingly, it is recommended that the proposed settlement be approved.

There is no evidence of any fraud or collusion behind the settlement. The Court may

---

[3] *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

[4] *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

[5] Rec. Doc. 61-1, p. 8-10.

presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.[6] Since this case was filed in 2015, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressing the issues presented in this litigation. Furthermore, given the parties attendance at a full-day mediation, and their continued discussions after mediation, it is clear that the settlement has been arrived at by arms-length and good faith negotiations. The first factor favors approval of the settlement.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this case presented multiple complex legal issues which have been zealously litigated by experienced counsel at significant expense. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two years, causing the parties to incur significant additional expense. Following the opt-in deadline, the defendants could have filed a motion to decertify the collective action, which would have necessitated additional discovery, briefing and court appearances. Therefore, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

---

[6] *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (E.D. La. 2004) citing 4 Newberg on Class Actions § 11.51 (4th ed.).

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate and reasonable, and should be approved. This case has been pending for over two years. During its pendency, the parties have conducted discovery and factual and legal investigations. The parties stipulated to conditional certification and issuance of notice to a proposed class consisting of "all personnel employed by Production Management Industries, LLC, who were paid a day rate with no overtime compensation, from three years prior to the date of certification to the present."[7] While several substantive issues remain outstanding, including whether this collective action should be decertified, this case is ripe for settlement.

The fourth factor, probability of plaintiff's success on the merits, also supports a finding that the settlement is fair, adequate and reasonable. This case has been litigated by competent lawyers on each side. While at present the plaintiffs enjoy a high probability of success on the merits, given the competency of defense counsel and the uncertainty of adverse rulings on the potential decertification issue, failure on the merits is equally likely. Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit by either side would be likely. Thus, based upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement is fair,

---

[7] Rec. Doc. 36.

adequate and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate and reasonable. Each eligible class member will receive back pay due for overtime violations, plus an equal amount as liquidated damages. Essentially, the class members have prevailed on their claims, therefore, the Court finds the total amount offered to each plaintiff is adequate, fair and reasonable. Likewise, the total amount of attorney's fees and expenses sought by plaintiffs' counsel from the defendant will not reduce any collective action member's damage award, but rather will be paid to counsel separately. The fees and expenses are not excessive, and the Court finds the fees and expenses to be fair and reasonable.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel and the class representative, as well as the defendants and their counsel, have approved the terms of the Settlement Agreement and have joined in asking this Court for approval. There has been no objections to the settlement filed in the record and all agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action

settlement.[8] The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement.

As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel.[9] Plaintiffs' counsel seeks approval of an award of $400,000.00 in attorneys' fees and $6,050.00 in costs and expenses.

The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees in FLSA actions.[10] A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[11] After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[12] The lodestar may not be

---

[8] *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)

[9] *Strong v. BellSouth*, 137 F.3d at 849-850.

[10] *Strong v. BellSouth*, 137 F.3d at 850.

[11] *Strong v. BellSouth*, 137 F.3d at 850.

[12] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.
"[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of

7

adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.[13] Further, "[t]he lodestar . . . is presumptively reasonable and should be modified only in exceptional cases."[14]

In this case, all parties have agreed plaintiffs' counsel is entitled to a total of 40% of the gross settlement amount for attorney's fees, costs and expenses. The parties have not submitted documentation as to the total hours of attorney work performed by plaintiffs' counsel, counsels' customary rate of pay, or the expenses incurred by the plaintiffs in this litigation. Nevertheless, given that contingency fee arrangements in this legal community are generally in excess of 33%,[15] and attorney's fees and expenses are usually deducted from each plaintiff's total recovery, the Court finds the proposed award in this case, which is not to be deducted from any plaintiff's recovery, is fair and reasonable. As previously

---

counsel." *Id.* at *20 citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the *Johnson* factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Id. citing Heidtman*, 171 F.3d at 1043 *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Id. citing Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) *citing City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

[13] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

[14] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993).

[15] See e.g. *Legros v. Mud Control Equipment, Co.*, 2017 WL 925730, * 3 (W.D. La. 2017)*; Hebert v. Baker Hughes, Inc.*, 2016 WL 7029336, *4 (W.D.La. 2016); see also *In re Bayou Sorrel Class Action*, 2006 WL 3230771 (W.D.La. 2006)

8

noted, a significant amount of time and effort has been expended in the two years this case has been pending. The Professional Services Agreement between plaintiffs class counsel provides for a contingency fee of 40% of the gross settlement amount, and the defendant agreed to payment of that amount as attorney's fees in the settlement agreement, separate and apart from the award of damages for the plaintiffs. Further, class counsel's skill, knowledge, reputation and experience is well-recognized in FLSA cases such as this.[16] Finally, the Court finds the degree of success in this case is high in that the defendant vigorously contested plaintiffs' claims, and plaintiffs had to litigate this case for over two years before it could be resolved. For all of the foregoing reasons, the Court finds that the proposed award in this case is fair and reasonable.

## CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that the proposed settlement be approved, and that the Court grant the Joint Motion to Reassert Motion to Approve Settlement Agreement [Rec. Doc. 60] on the terms and conditions set forth in the Motion and the Proposed Settlement Agreement.

IT IS FURTHER RECOMMENDED that the collective action be dismissed with prejudice.

Because the parties have agreed on the payment of the settlement funds and

---

[16] Rec. Doc. 54, p.7.

9

attorneys' fees and there has been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 20th day of April 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE